**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER E. HALL, *Plaintiff*, v. REVOLT MEDIA & TV, LLC, RAHMAN DUKES, JOHN DOES 1-10, and ABC CORP. 1-10, *Defendants*. | Civil Action No. 17-2217 (JMV) (MF) **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter concerns allegations of breach of contract, unjust enrichment, and copyright infringement. Plaintiff Walter Hall ("Plaintiff") claims that he created music for Defendants' television show but Defendants thereafter breached the parties' agreement and infringed Plaintiff's copyright. Currently pending before the Court is the motion of Defendants Revolt Media & TV, LLC and Rahman Dukes (collectively, "Defendants") to dismiss the Complaint. D.E. 10. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.

---

[1] The following briefs were submitted in connection with this motion: Defendants' Brief, D.E. 10, ("Def. Br."); Plaintiff's Opposition, D.E. 15, ("Opp."); and Defendants' Reply, D.E. 16, ("Reply Br.").

I.   **Factual Background & Procedural History**

Plaintiff is a music producer who maintains a business in Hackensack, New Jersey. D.E. 1, Compl. at ¶ 1. Plaintiff has generated a number of original musical compositions. *Id.* at ¶ 9. Defendant Revolt Media ("Revolt") is a limited liability company operating out of California. *Id.* at ¶ 2. Defendant Rahman Dukes ("Dukes") was the Vice President of Revolt at all relevant times. *Id.* at ¶ 3.

In August and September of 2013, Plaintiff provided Revolt with a number of original songs. *Id.* at ¶ 10. Later that year, Revolt began using one of the songs on its show "The Gate of Revolt." *Id.* at ¶ 11. Upon learning that Revolt was using the song, Plaintiff reached out to Dukes in hopes of obtaining a contract that would govern Revolt's use of the song. *Id.* at ¶ 12. Although he initially responded positively to the idea, Dukes later informed Plaintiff that Revolt would be unable to follow through with contract negotiations because its legal team had not yet been assembled. *Id.* at ¶¶ 13-14. In response, Plaintiff forwarded Dukes a sample agreement. *Id.* at ¶ 15. Dukes ignored the proposed agreement and sent Plaintiff $700, advising Plaintiff that additional payments would be made once an agreement was executed. *Id.* at ¶ 16; Ex. A-C to Def. Br. Dukes also assured Plaintiff that he would provide him with Revolt merchandise and additional work. Compl. at ¶ 16. When several months passed with no word from Revolt, Plaintiff attempted to contact Dukes about negotiating an agreement. *Id.* at ¶ 17. However, Dukes ignored all of Plaintiff's efforts while continuing to use the song on Revolt's show through April of 2015. *Id.* at ¶¶ 17-18.

Plaintiff filed the Complaint on April 3, 2017. D.E. 1. Plaintiff's Complaint contains three counts: Count One for breach of contract/bad faith conduct; Count Two for unjust enrichment; and Count Three for copyright infringement. Compl. at ¶¶ 8-28. Plaintiff seeks both monetary and

2

injunctive relief. *Id.* at 6-7. Defendants filed the instant motion on October 16, 2017, D.E. 10, which Plaintiff opposed, D.E. 15. Defendants submitted a reply on October 30, 2017. D.E. 16.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. Analysis

As an initial matter, Plaintiff argues that by relying on the invoice Plaintiff sent to Defendants, Ex. A-C to Def. Br., Defendants have effectively converted their motion to dismiss into a motion for summary judgment. Opp. at 2. When a litigant relies on matters outside of the

3

pleadings, the motion is to be treated as a motion for summary judgment. *In Re Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, a court may review documents that are integral or explicitly relied upon in the complaint in evaluating a motion to dismiss. *Oliver v. Roquet*, 858 F.3d 180, 190 (3d Cir. 2017). Here, the invoice is integral to the Complaint because Plaintiff specifically relies on it to support his claim that a contract existed between himself and Defendants. Compl. at ¶ 16. Thus, the Court can consider the invoice as part of Defendants' motion to dismiss. Additionally, even without the invoice, Plaintiff still does not state a plausible cause of action as to Counts One and Three. Therefore, the Court will continue to treat this motion as a motion to dismiss.

   a.   **Breach of Contract**

To state a claim for breach of contract, a plaintiff must allege (1) the existence of the contract; (2) breach of the contract; (3) damages as a result of the breach; and (4) that the plaintiff performed its own duties under the contract. *Faistl v. Energy Plus Holdings, LLC*, 2012 WL 3535815, at *7 (D.N.J. Sept. 4, 2012). A contract exists when there was a meeting of the minds, there was an offer and acceptance, there was consideration, and there was certainty in the terms of the agreement. *Allen v. Bloomingdale's, Inc.*, 225 F.Supp.3d 254, 258 (D.N.J. Dec. 21, 2016). Acceptance of a contract must be absolute and unequivocal. *Kristensons Petroleum, Inc. v. Explorer Maritime Cruises, LLC*, 2018 WL 497070, at *6 (D.N.J. Jan 22, 2018). The consideration must be a bargained-for exchange of promises or performances. *Hackensack University Medical Center v. Yinglian Xiao*, 2018 WL 2095598, at *5 (D.N.J. May 7, 2018) (citing Restatement (Second) of Contracts § 71 (1981)). These required elements apply to both express and implied contracts. *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 644 (3d Cir. 1988). If the court finds that the plaintiff sufficiently pleaded the existence of a contract, "[t]he plaintiff must also

4

specifically identify portions of the contract that were allegedly breached." *Faistl*, 2012 WL 3535815, at *7.

Here, Plaintiff's breach of contract claim fails because he does not adequately plead the existence of a contract or a breach thereof. Instead, the Complaint alleges that the parties were discussing the possibility of negotiating a contract but that one was never finalized. Compl. at ¶¶ 12-17. For example, Plaintiff indicates that he "contacted Defendant Dukes to craft a contract," *id.* at ¶ 12; that he sent Dukes a draft contract which was not executed, *id.* at ¶¶ 15-16; and that "[a]fter several months without any movement by Revolt, the Plaintiff again attempted to contact Dukes to work the terms of his agreement," *id.* at ¶ 17. The Complaint does not plausibly allege that any contract was accepted by Defendants. The Complaint also fails to plausibly plead that the alleged agreement had sufficiently certain terms, such as the scope of Defendants' use of the song or the amount Plaintiff was to be paid. As a result, because there were no definitive terms, Plaintiff fails to adequately identify specific portions of the alleged contract which were breached. The Complaint alleges discussions of future contract negotiations rather than a final agreement. Therefore, Plaintiff has failed to adequately plead the existence of a contract or a breach of that contract.

For the foregoing reasons, the Court dismisses Plaintiff's breach of contract claim in Count One.

### b.  Breach of the Covenant of Good Faith & Fair Dealing

The implied covenant of good faith and fair dealing is a "component of every contract" that requires both parties to a contract act in "good faith[,]" that is, they must "adher[e] to 'community standards of decency, fairness, or reasonableness.'" *Iliadis v. Wal-Mart Stores, Inc.*, 191 N.J. 88, 109 (2007) (internal citations omitted). Good faith "requires a party to refrain from

5

'destroying or injuring the right of the other party to receive its contractual benefits.'" *Id.* at 110 (citation omitted). However, a necessary prerequisite is the existence of a valid contract. Where a plaintiff fails to adequately allege the existence of a contract, plaintiff cannot allege that defendant breached the covenant of good faith and fair dealing. *Kenny v. Onward Search,* 2015 WL 1799593, at *3 (D.N.J. Apr. 15, 2015).

Here, as discussed above, Plaintiff has not adequately alleged the existence of a contract and thus the Court dismisses Count One as to the breach of the covenant of good faith and fair dealing.[2]

### c. Promissory Estoppel

The Complaint does not assert a claim for promissory estoppel. Instead, Plaintiff raised it for the first time in his Opposition. Opp. at 4. A plaintiff may not amend his complaint by way of brief. *Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988). If Plaintiff wishes to bring a claim for promissory estoppel, he may include it in his Amended Complaint.

### d. Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must allege "'(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable.'" *Hassler v. Sovereign Bank,* 644 F. Supp. 2d 509, 519 (D.N.J. 2009), *aff'd,* 374 F. App'x 341 (3d Cir. 2010). A plaintiff must show that it expected "remuneration from defendant

---

[2] Because the Court finds that the Complaint does not adequately plead a valid contract, the Court does not reach Defendants' argument that the Complaint also fails to plausibly plead Defendants' bad faith, which is necessary for a claim of the breach of the covenant of good faith and fair dealing. However, the Court notes that Defendants' argument appears to have merit.

6

at the time it performed or conferred a benefit on defendant." *Yingst v. Novartis AG*, 63 F.Supp.3d 412, 417 (D.N.J. Nov. 24, 2014).

Here, Defendants received a benefit from Plaintiff when they used Plaintiff's original song on their show. Moreover, although it could have been alleged more clearly, the Complaint sufficiently alleges that Plaintiff expected remuneration when he provided Defendants with his original songs and that Defendants' retention of the benefit without paying appropriate compensation to Plaintiff would be inequitable. As a result, Defendants' motion to dismiss Count Two is denied.

### e. Copyright Infringement

To establish a copyright infringement claim, a plaintiff must establish (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of plaintiff's work. *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005). Registration of a copyright is required before the copyright action may be brought in court. *Granger v. Acme Abstract Co.*, 900 F.Supp.2d 419, 422 (D.N.J. 2012). Here, the Complaint does not allege that Plaintiff holds a registered copyright; instead, he appended the copyright registration to his Opposition. *See* Ex. C to Opp. As noted, Plaintiff cannot amend his Complaint through his brief. *Cummings v. Princeton Univ.*, 2016 WL 6434561, at *5 (D.N.J. Oct. 31, 2016). The Complaint fails to plausibly allege that Plaintiff owns a registered copyright. As a result, Count Three is dismissed.

## IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss is granted in part and denied in part. Count Two, alleging unjust enrichment, remains. Counts One and Three are dismissed. The dismissal is without prejudice and Plaintiff is granted leave to file an Amended Complaint. Plaintiff has thirty (30) days to file an Amended Complaint, if he so chooses, consistent with this

Opinion. If Plaintiff fails to file an Amended Complaint, the dismissal of Counts One and Three will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: June 28, 2018

                                                       John Michael Vazquez, U.S.D.J.