Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER E. HALL, *Plaintiff*, v. REVOLT MEDIA & TV, LLC, RAHMAN DUKES, JOHN DOES 1-10, and ABC CORP. 1-10, *Defendants*. | Civil Action No. 17-2217 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns a dispute over payment for music used in a television show. Plaintiff Walter E. Hall alleges that Defendants Revolt Media & TV, LLC ("Revolt") and Rahman Dukes used Plaintiff's original music in Defendants' television show, "The Gate of Revolt" (the "Show"), without proper compensation. D.E. 20. Currently pending before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 21. The Court reviewed the parties' submissions in support and in opposition[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is granted.

---

[1] Defendants' brief in support of their motion will be referred to as "Def. Br.," D.E. 21-1; Plaintiff's opposition will be referred to as "Pl. Opp'n,' D.E. 24; Defendants' reply will be referred to as "Def. Reply," D.E. 25.

I. **INTRODUCTION**[2]

The Court included a factual background in its Prior Opinion granting Defendants' motion to dismiss Plaintiff's Complaint, which the Court incorporates by reference here. D.E. 17 ("Prior Op.") at 2-3. By way of brief review, Plaintiff is a music producer who maintains a business in Hackensack, New Jersey. D.E. 20 ("FAC") ¶ 1. Defendant Revolt, a California limited liability company, and Defendant Dukes, a Vice President at Revolt and a California resident, used Plaintiff's original musical composition in their Show from 2013 to 2015. *Id.* ¶¶ 2, 3, 13, 21. Defendants paid Plaintiff $700 "up-front" for use of this composition. *Id.* ¶ 19. Plaintiff alleges that Defendants also agreed to make additional payments pursuant to a forthcoming contract, which Defendants then allegedly failed to follow through with. *Id.*

On April 3, 2017, Plaintiff filed his Complaint against Defendants, alleging three Counts: (I) breach of contract/bad faith conduct, (II) unjust enrichment, and (III) copyright infringement. D.E. 1. On October 16, 2017, Defendants moved to dismiss the Complaint. D.E. 10. On June 29, 2018, the Court issued its Prior Opinion and Order, dismissing Counts I and III without prejudice, and denying Defendants' motion as to Count II. D.E. 17, 18. On July 27, 2018, Plaintiff filed his FAC against Defendants, alleging two Counts: (I) promissory estoppel/detrimental reliance, and (II) unjust enrichment. FAC ¶¶ 8-23. On August 10, 2018, Defendants moved to dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed.

---

[2] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

R. Civ. P. 12(b)(6) for failure to state a claim. D.E. 21. Plaintiff opposed this motion, D.E. 24, and Defendants replied, D.E. 25.

## II. LEGAL STANDARD

Rule 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.[3] A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (citing *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302). Thus, the district court must find that "the allegations on the face of the complaint, taken as true, allege sufficient facts to invoke the jurisdiction of the District Court" to overcome a facial attack. *Culver*

---

[3] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

*v. U.S. Dep't of Labor Occupational Safety & Health Admin.*, 248 F. App'x 403, 406 (3d Cir. 2007) (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

## III. ANALYSIS

The threshold issue in this case is whether the Court has subject matter jurisdiction. In his original Complaint, Plaintiff asserted that the Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331 since Plaintiff alleged copyright infringement. D.E. 1 at ¶¶ 5-6. In his FAC, Plaintiff makes the same assertion, FAC ¶¶ 5-6; however, Plaintiff does not re-allege copyright infringement or any violation of federal law in his FAC. Therefore, the Court does not have federal question jurisdiction.

In his FAC, Plaintiff also indicates that the Court has diversity jurisdiction under 28 U.S.C. § 1332. *See* FAC ¶ 6 ("Jurisdiction is conferred on this Court by 28 U.S.C. Sections 1331, 1332 and 1338 and 15 U.S.C. 1121."). Section 1332 provides that a district court has diversity jurisdiction when: (1) the dispute is between "citizens of different States" and (2) the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Also, Rule 8(a) requires that a plaintiff's pleading provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

The FAC fails include a short and plain statement of the grounds for diversity jurisdiction. The FAC indicates that Plaintiff is a resident of New Jersey, and that Defendant Dukes is a resident of California. FAC ¶¶ 1, 3. Thus, it is clear from the face of the FAC that Plaintiff is a citizen of New Jersey and Defendant Dukes is a citizen of California for purposes of diversity jurisdiction. However, Plaintiff does not provide any information about the citizenship of the members of Defendant Revolt – an LLC – for the Court to determine Defendant Revolt's citizenship for purposes of diversity jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (explaining that for purposes of diversity jurisdiction, the citizenship of an LLC "is determined by the citizenship of its members.").

Moreover, the FAC provides no indication that the amount in controversy requirement is met. Plaintiff only references that Defendants paid him $700 "up front" and agreed to make "additional payments" to Plaintiff "once an agreement was executed." FAC ¶ 19. Plaintiff indicates that the parties agreed that the "additional payments" would be "in line with industry norms," *id.* ¶ 11, but Plaintiff fails to provide the short and plain statement that these additional payments in line with industry norms would exceed $75,000.[4] Plaintiff makes such argument in his opposition brief, Pl. Opp'n at 9, but such statement must be apparent on the face of the complaint. The Court dismisses Plaintiff's FAC without prejudice for lack of subject matter jurisdiction.[5]

## IV. CONCLUSION

In sum, the Court grants Defendants' motion to dismiss Plaintiff's FAC, D.E. 21, and dismisses Plaintiff's FAC for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The dismissal is without prejudice and Plaintiff is granted leave to file a Second Amended Complaint. Plaintiff has thirty (30) days to file a Second Amended Complaint, if he so chooses, consistent with this Opinion. If Plaintiff fails to file a Second Amended Complaint, the dismissal of the FAC will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: May 21, 2019

John Michael Vazquez, U.S.D.J.

---

[4] If Plaintiff had alleged damages exceeding $75,000, Defendants would then have "to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold." *Hann v. Home Depot*, No. 18-10223, 2019 WL 479348, at *3 (D.N.J. Feb. 7, 2019) (citing *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007)).

[5] Because the Court dismisses the FAC for lack of subject matter jurisdiction, the Court does not reach Defendants' remaining arguments. However, the Court notes that Defendants appear to again attack Plaintiff's claim for unjust enrichment—an argument that the Court already decided in Defendants' previous motion. The Court will not re-analyze arguments that it already ruled on.

6